## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

GENERAL MOTORS LLC AND
GM GLOBAL TECHNOLOGY
OPERATIONS LLC.,

        *Plaintiffs,*

v.

LKQ CORPORATION, KEYSTONE
AUTOMOTIVE INDUSTRIES, INC.,
CCC INTELLIGENT SOLUTIONS HOLDINGS
INC., CCC INTELLIGENT SOLUTIONS INC.,
GRAND HC AUTO TOOLING CORP., GORDON
AUTO BODY PARTS CO., LTD., TONG YANG
INDUSTRY CO. LTD., Y.C.C. PARTS MFG. CO.,
LTD, DEPO AUTO PARTS IND. CO., LTD.,
MAXZONE VEHICLE LIGHTING CORP., AUTO
POWER CO., LTD., FORERUNNER
AUTOMOTIVE INDUSTRIAL CORP., ANTRC
INDUSTRIAL CORP., and PRO FORTUNE
INDUSTRIAL CO., LTD.

        *Defendants*.

Civil Action No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs General Motors LLC ("GM LLC") and General Motors Technology Operations LLC ("GM GTO") (collectively "GM" or "Plaintiffs"), by and through their attorneys, bring this Complaint for patent infringement and demand for jury trial against LKQ Corporation ("LKQ Corp.") and Keystone Automotive Industries, Inc. ("Keystone") (collectively, "LKQ"); CCC Intelligent Solutions Holdings Inc. and CCC Intelligent Solutions Inc. (collectively, "CCC"); Grand HC Auto Tooling Corp. ("Grand HC"); Gordon Auto Body Parts Co., Ltd. ("Gordon"); Tong Yang Industry Co., Ltd. ("Tong Yang"); Y.C.C. Parts Mfg. Co., Ltd. ("YCC"); Depo Auto Parts Ind. Co., Ltd. ("Depo Auto Parts") and Maxzone Vehicle Lighting Corp. ("Maxzone") (collectively, DEPO Group); Auto Power Co., Ltd ("Auto Power"); Forerunner Automotive

Industrial Corp. ("Forerunner"); ANTRC Industrial Corp ("ANTRC"); and Pro Fortune Industrial Co., Ltd. ("Pro Fortune"). GM alleges as follows:

## OVERVIEW

1. GM is one of the largest automotive vehicle manufacturers and innovators in the world. To protect its innovation, GM has obtained design patents on the ornamental design of its innovative vehicle parts.

2. Defendants work in concert to manufacture copies of GM's patented vehicle parts, import those parts into the United States, and sell and/or offer to sell those parts, thereby infringing GM's patents.

3. GM brings this lawsuit to protect its intellectual property and stop Defendants' widespread infringement.

## THE PARTIES

4. GM LLC is a Delaware limited liability company with its principal place of business at 300 Renaissance Center, Detroit, MI, 48265.

5. GM GTO is a Delaware limited liability company with its principal place of business located at 300 Renaissance Center, Detroit, MI 48265.

6. GM GTO is the assignee of the Patents-in-Suit.

7. GM LLC is the sole licensee of the Patents-in-Suit.

8. On information and belief, LKQ Corporation is a corporation organized and existing under the laws of the State of Delaware with a place of business at 500 W. Madison Street, Suite 2800, Chicago, Illinois 60661.

9.      On information and belief, Keystone Automotive Industries, Inc. is a corporation organized and existing under the laws of the State of California with a place of business at 500 W. Madison Street, Suite 2800, Chicago, Illinois 60661.

10.      On information and belief, CCC Intelligent Solutions Inc. is a Delaware corporation with a place of business at 167 N. Green Street, Chicago, IL 60607.

11.      On information and belief, CCC Intelligent Solutions Inc. is a wholly owned subsidiary of CCC Intelligent Solutions Holdings Inc., a Delaware corporation with a place of business at 167 N. Green Street, Chicago, IL 60607.

12.      On information and belief, Grand HC is a Taiwanese Company with a place of business at 9 F., No. 132, Songshan Road, Xinyi District, Taipei City 110048, Taiwan (R.O.C.).

13.      On information and belief, Gordon is a Taiwanese Company with a place of business at No. 48, Nieh Hsi Road, Luchu District, Taoyuan City, 338,Taiwan (R.O.C.

14.      On information and belief, Tong Yang is a Taiwanese Company with a place of business at 98, Section 2, Anhe Road, Annan District, Tainan, Taiwan.

15.      On information and belief, YCC is a Taiwanese Company with a place of business at 8, Xingye Rd., Lukang Town, Chung Hua Hsien, Taiwan, (R.O.C.).

16.      On information and belief, DEPO Auto Parts. is a Taiwanese Company with a place of business at No. 20-3, Nan Shin Lane Lu Kang Chen, Chang Hua Shien, Taiwan (R.O.C.).

17.      On information and belief, Maxzone is a California company with a place of business located at 1299 Wesemann Dr., West Dundee, IL 60118.  On information and belief, Maxzone distributes DEPO Auto Parts products.

18.     On information and belief, Auto Power is a Taiwanese Company with a place of business at No. 100, Lane 109, Fufeng South Road, Fufeng Village, Yangmei Dist., Taoyuan City 32663, Taiwan (R.O.C.).

19.     On information and belief, Forerunner is a Taiwanese Company with a place of business at No. 19, Lane 916, Section 2, Meishi Road, Ruiping Village, Yangmei District, Taoyuan City 326014, Taiwan (R.O.C.).

20.     On information and belief, ANTRC is a Taiwanese Company with a place of business at No. 539, Datan N. Rd., Guanyin Dist. Taoyuan City 328451, Taiwan (R.O.C.).

21.     On information and belief, Pro Fortune is a Taiwanese Company with a place of business at No. 14-37, Shitoucuo, Tunshan Vil., Tamsui Dist., New Taipei City 251005, Taiwan (R.O.C.).

## JURISDICTION AND VENUE

22.     This is a civil action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  Subject matter jurisdiction over the asserted causes of actions before this Court is, therefore, proper and founded upon 28 U.S.C. §§ 1331 and 1338.

23.     The Court has personal jurisdiction over Defendants at least because, on information and belief, Defendants work in concert to import for sale, sell, and/or offer to sell infringing products in the United States and the Northern District of Illinois, have continuous and systematic business in the Northern District of Illinois, and/or solicit business from residents of the Northern District of Illinois.

24.     Jurisdiction is also proper in this District as to the Manufacturing Defendants (as defined in Paragraph 33) under Federal Rule of Civil Procedure 4(k)(2).

25.     Venue is proper in this District as to at least LKQ, CCC, and Maxzone under 28 U.S.C. § 1400(b) because they have offered to sell or sold products accused of infringement to actual or potential customers located in this District and have regular and established places of business in this District.

26.     Venue is proper in this District as to the Manufacturing Defendants under 28 U.S.C. § 1391(c)(3).

## FACTUAL BACKGROUND

27.     For over a century, GM has been at the forefront of the design of unique automotive vehicles, creating innovative and aesthetically beautiful designs.  GM manages a team of hundreds of designers globally, investing millions of dollars annually in the design of its products.

28.     GM, through GM GTO, invests heavily in the protection of the unique and innovative ornamental features embodied in its vehicles and the component parts of those vehicles, and has applied for and received over a thousand issued U.S. Design Patents.

29.     GM's design patents include United States Design Patent Nos.  D749,997 ("the '997 patent"); D792,815 ("the '815 patent"); D792,816 ("the '816 patent"); D793,301 ("the '301 patent"); D828,247 ("the '247 patent"); D828,248 ("the '248 patent"); D828,256 ("the '256 patent"); D847,703 ("the '703 patent"); D848,318 ("the '318 patent"); D856,874 ("the '874 patent"); D818,406 ("the '406 patent"); D826,114 ("the '114 patent"); D843,025 ("the '025 patent"); D883,155 ("the '155 patent"); D902,807 ("the '807 patent"); D930,533 ("the '533 patent"); D955,939 ("the '939 patent"); D859,239 ("the '239 patent"); D848,647 ("the '647 patent"); D826,803 ("the '803 patent") (collectively, the "Asserted Patents").

30.     The Asserted Patents are attached as Exhibits 1-20.

31.    The Asserted Patents are practiced by iconic GM vehicles such as the Chevrolet Colorado, Chevrolet Silverado, GMC Sierra, Chevrolet Traverse, and Chevrolet Malibu, as well as GM Genuine Parts used as replacement parts for those vehicles.

32.    GM has complied with the relevant marking provisions of 35 U.S.C. § 287 by marking its products with the website https://www.gmparts.com/gm-part-design-patents, which lists the Asserted Patents alongside the products they cover.  As a result, on information and belief, Defendants had presuit knowledge of the Asserted Patents.

33.    Defendants are in the business of manufacturing, importing, selling, and/or offering to sell replacement copy parts for automotive vehicles.  Defendants fall into three general categories and work in concert to offer products infringing the Asserted Patents: (1) LKQ, who sells and distributes infringing products to consumers and end users; (2) CCC who provides an online platform selling and/or offering infringing products for sale, including those distributed by LKQ; and (3) foreign manufacturers Grand HC, Gordon, Tong Yang, YCC, DEPO Group, Forerunner, Auto Power, ANTRC, and Pro Fortune  (collectively, "Manufacturing Defendants") who manufacture the parts for LKQ and CCC to sell and/or offer for sale.

34.    The Accused Products are intended and designed to be substitutable with GM Genuine Parts and are intended to be copies of GM Genuine Parts.  Defendants' collective business is premised on offering replacement parts that match the ornamental appearance of genuine OEM components, including those of GM.

35.    Defendants directly infringe, and/or indirectly infringe the Asserted Patents in violation of 35 U.S.C. §§ 271(a), (b), and/or (c), as described in further detail below.

36.    Defendants directly infringe because, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the design of the Accused Products is substantially the

same as the designs embodied in the Asserted Patents, and the resemblance is such as to deceive such an observer, inducing him or her to purchase the Accused Products.

37.     LKQ infringes the Asserted Patents under 35 U.S.C. § 271(b), for example, by encouraging repair shops and end users to directly infringe the Asserted Patents by importing, selling, offering to sell, and/or using the Accused Products.

38.     CCC infringes the Asserted Patents under 35 U.S.C. § 271(b), for example, by providing software that connects repair shops with distributors (such as LKQ), to import, use, sell, and/or offer to sell the Accused Products in the United States.

39.     Manufacturing Defendants infringe the Asserted Patents under 35 U.S.C. § 271(b), for example, by providing the Accused Products to distributors (such as LKQ) to import, use, sell, and/or offer to sell the Accused Products in the United States.

40.     Defendants also indirectly infringe the Asserted Patents under 35 U.S.C. § 271(c). For example, automotive parts may be provided as components.  Bumpers for certain vehicles are illustrative: on occasion, a step pad for a bumper may be sold separately from a larger bumper scaffold on which the step pad is placed.  Components may be combined into a replacement part or placed into an existing vehicle, thus infringing an Asserted Patent.

41.     On information and belief, LKQ provides components of certain Accused Products to repair shops and end users.  By providing these components to repair shops and end users, LKQ encourages these entities to directly infringe by selling, offering to sell, and/or using the Accused Products.  LKQ knows each component provided is a material part of the claimed design, is especially made and especially adapted for use in each claimed design, and that there is no substantial non-infringing use for each infringing component.

42.     On information and belief, CCC is involved in selling and/or offering to sell components of Accused Products to repair shops and end users.  By facilitating these component sales to repair shops and/or end users, CCC encourages the repair shops and/or end users to directly infringe the Asserted Patents by selling, offering to sell, and/or using the Accused Products.  CCC knows each component provided is a material part of the claimed design, is especially made and especially adapted for use in each claimed design, and that there is no substantial non-infringing use for each infringing component.

43.     On information and belief, one or more Manufacturer Defendants are involved in selling and offering to sell components of Accused Products parts to distributors, such as LKQ.  By facilitating these component sales to LKQ, one or more Manufacturer Defendants encourages LKQ to directly infringe the Asserted Patents by selling, offering to sell, and/or using the Accused Products.  These Manufacturer Defendants know each component provided is a material part of the claimed design, is especially made and especially adapted for use in each claimed design, and that there is no substantial non-infringing use for each infringing component.

44.     Multiple Manufacturer Defendants have sought and obtained certification for the Accused Products from the Certified Automotive Parts Association ("CAPA"), which further shows infringement.  CAPA is a third party that will certify a replacement automotive part, such as an Accused Product, is substantially the same as the Protected Part it is intended to supplant.  CAPA specifically offers certification for said parts for the United States.

45.     Specific instances of infringement are further detailed below.

## COUNT I

**Infringement of U.S. Patent No. D749,997 (Asserted Against LKQ, CCC, and Grand HC)**

46.     The '997 patent is assigned to GM GTO.

47.     The '997 patent is presumed valid and enforceable.

48.     Part No. GM1103180DSC[1] was purchased in the United States from LKQ on CCC's purchasing platform.  Part No. GM1103180DSC was manufactured by Grand HC in Taiwan and imported into the United States.  Part No. GM1103180DSC is exemplary and does not limit the Accused Products.

49.     On its U.S. Website, CAPA lists Taiwanese manufacturer Grand HC as a CAPA certified manufacturer of Part No. GM1103180 for sale in the United States.

50.     Part No. GM1103180DSC infringes because it is substantially similar to the design claimed in the '997 patent.  A claim chart is attached as Exhibit 21.

51.     On information and belief, LKQ, CCC, and Grand HC work in concert to infringe the '997 Patent directly and/or indirectly, and that infringement involves common questions.

52.     On information belief, as described above, LKQ, CCC, and Grand HC engaged in infringing acts related to the '997 patent; have disregarded an objectively high likelihood of infringement of the '997 patent; and have acted, and continue to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Defendants' willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

53.     Defendants' conduct, including their infringement of the '997 Patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT II

**Infringement of U.S. Patent No. D792,815 (Asserted Against LKQ, CCC, and Auto Power)**

54.     The '815 patent is assigned to GM GTO.

---

[1] Certain part numbers used herein contain a suffix (e.g., "DSC" or "C") that denotes additional certifications that are immaterial to the ornamental design of the particular part.

55.     The '815 patent is presumed valid and enforceable.

56.     Part No. GM1002861DSC is offered for sale by LKQ on CCC's purchasing platform.  Part No. GM1002861DSC is exemplary and does not limit the Accused Products.

57.     On its U.S. website, CAPA lists Taiwanese manufacturer Auto Power as a CAPA certified manufacturer of Part No. GM1002861 for sale in the United States.

58.     Part No. GM1002861 that is listed on the CCC purchasing platform and sold by LKQ is, on information and belief, manufactured by Auto Power.

59.     Part No. GM1002861DSC infringes because it is substantially similar to the design claimed in the '815 patent.  A claim chart is attached as Exhibit 22.

60.     On information and belief, LKQ, CCC, and Auto Power work in concert to infringe the '815 Patent directly and/or indirectly, and that infringement involves common questions.

61.     On information and belief, as described above, LKQ, CCC, and Auto Power engaged in infringing acts related to the '815 patent; have disregarded an objectively high likelihood of infringement of the '815 patent; and have acted, and continue to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Defendants' willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

62.     Defendants' conduct, including their infringement of the '815 Patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

**COUNT III**

**Infringement of U.S. Patent No. D792,816 (Asserted against LKQ, CCC, and Auto Power)**

63.     The '816 patent is assigned to GM GTO.

64.     The '816 patent is presumed valid and enforceable.

65.     Part No. GM1002869C is offered for sale by LKQ on CCC's purchasing platform. Part No. GM1002869C is exemplary and does not limit the Accused Products.

66.     On its U.S. website, CAPA lists Taiwanese manufacturer Auto Power as a CAPA certified manufacturer of Part No. GM1002869 for sale in the United States.

67.     Part No. GM1002869C that is listed on the CCC purchasing platform and sold by LKQ is, on information and belief, manufactured by Auto Power.

68.     Part No. GM1002869C infringes because it is substantially similar to the design claimed in the '816 patent.  A claim chart is attached as Exhibit 23.

69.     On information and belief, LKQ, CCC, and Auto Power work in concert to infringe the '816 patent directly and/or indirectly, and that infringement involves common questions.

70.     On information and belief, as described above, LKQ, CCC, and Auto Power engaged in infringing acts related to the '816 patent; have disregarded an objectively high likelihood of infringement of the '816 patent; and have acted, and continue to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Defendants' willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

71.     Defendants' conduct, including their infringement of the '816 Patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

### COUNT IV

**Infringement of U.S. Patent No. D793,301 (Asserted Against LKQ, CCC, Pro Fortune, and Tong Yang)**

72.     The '301 patent is assigned to GM GTO.

73.     The '301 patent is presumed valid and enforceable.

74.     Part No. GM1015135PP was purchased in the United States from LKQ on CCC's purchasing platform.  Part No. GM1015135PP was manufactured by Pro Fortune in Taiwan and

imported into the United States. Part No. GM1015135PP is exemplary and does not limit the Accused Products.

75.    On its U.S. website, CAPA lists Taiwanese manufacturers Pro Fortune and Tong Yang as CAPA certified manufacturers of Part No. GM1015135 for the United States.  On information and belief, Pro Fortune and Tong Yang manufacture Part No. GM1015135 for sale in the United States.

76.    Part No. GM1015135PP infringes because it is substantially similar to the design claimed in the '301 patent.  A claim chart is attached as Exhibit 24.

77.    On information and belief, LKQ, CCC, Pro Fortune, and Tong Yang work in concert to infringe the '301 patent directly and/or indirectly, and that infringement involves common questions.

78.    On information and belief, as described above, LKQ, CCC, Tong Yang, and Pro Fortune engaged in infringing acts related to the '301 patent; have disregarded an objectively high likelihood of infringement of the '301 patent; and have acted, and continue to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Defendants' willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

79.    Defendants' conduct, including their infringement of the '301 Patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT V

### Infringement of U.S. Patent No. D828,247 (Asserted against LKQ, CCC, Gordon, and TYG)

80.    The '247 patent is assigned to GM GTO.

81.    The '247 patent is presumed valid and enforceable.

82. Part No. GM1230475C was purchased in the United States from LKQ on CCC's purchasing platform. Part No. GM1230475C was manufactured by Gordon in Taiwan and imported into the United States. Part No. GM1230475C is exemplary and does not limit the Accused Products.

83. On its U.S. website, CAPA lists Taiwanese manufacturers Gordon and Tong Yang as CAPA certified manufacturers of Part No. GM1230475 for the United States. On information and belief, Gordon and Tong Yang manufacture Part No. GM1230475 for sale in the United States.

84. Part No. GM1230475C infringes because it is substantially similar to the design claimed in the '247 patent. A claim chart is attached as Exhibit 25.

85. On information and belief, LKQ, CCC, Gordon, and Tong Yang work in concert to infringe the '247 patent directly and/or indirectly, and that infringement involves common questions.

86. On information and belief, as described above, LKQ, CCC, Gordon, and Tong Yang engaged in infringing acts related to the '247 patent; have disregarded an objectively high likelihood of infringement of the '247 patent; and have acted, and continue to act, willfully, wantonly, and in deliberate disregard of GM's rights. Defendants' willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

87. Defendants' conduct, including their infringement of the '247 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT VI

**Infringement of U.S. Patent No. D828,248 (Asserted Against LKQ, CCC, and Tong Yang)**

88. The '248 patent is assigned to GM GTO.

89. The '248 patent is presumed valid and enforceable.

90.     Part No. GM1230477C was purchased in the United States from LKQ on CCC's purchasing platform.  Part No. GM1230477C was manufactured by Tong Yang in Taiwan and imported into the United States.  Part No. GM1230477C is exemplary and does not limit the Accused Products.

91.     On its U.S. website, CAPA lists Taiwanese manufacturer Tong Yang as a CAPA certified manufacturer of Part No. GM1230477 for the United States.  On information and belief, Tong Yang manufactures Part No. GM1230477 for sale in the United States.

92.     Part No. GM1230477C infringes because it is substantially similar to the design claimed in the '248 patent.  A claim chart is attached as Exhibit 26.

93.     On information and belief, LKQ, CCC, and Tong Yang work in concert to infringe the '248 patent directly and/or indirectly, and that infringement involves common questions.

94.     On information and belief, as described above, LKQ, CCC, and Tong Yang engaged in infringing acts related to the '248 patent; have disregarded an objectively high likelihood of infringement of the '248 patent; and have acted, and continue to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Defendants' willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

95.     Defendants' conduct, including their infringement of the '248 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT VII

**Infringement of U.S. Patent No. D828,256 (Asserted Against CCC and TYG)[2]**

96.     The '256 patent is assigned to GM GTO.

---

[2] The '256 patent is asserted against LKQ in Case. No. 21-cv-5854.  GM reserves all rights with respect to that matter.

97.     The '256 patent is presumed valid and enforceable.

98.     Part No. GM1240413C was purchased in the United States on CCC's purchasing platform.  Part No. GM1240413C was manufactured by Tong Yang in Taiwan and imported into the United States.  Part No. GM1240413C is exemplary and does not limit the Accused Products.

99.     On its U.S. website, CAPA lists Taiwanese manufacturer Tong Yang as a CAPA certified manufacturer of Part No. GM1240413 for the United States.  On information and belief, Tong Yang manufactures Part No. GM1240413 for sale in the United States.

100.    Part No. GM1240413 infringes because it is substantially similar to the design claimed in the '256 patent.  A claim chart is attached as Exhibit 27.

101.    On information and belief, CCC and Tong Yang work in concert to infringe the '256 patent directly and/or indirectly, and that infringement involves common questions.

102.    On information belief, as described above, CCC and Tong Yang engaged in infringing acts related to the '256 patent; have disregarded an objectively high likelihood of infringement of the '256 patent; and have acted, and continue to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Defendants' willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

103.    Defendants' conduct, including their infringement of the '256 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT VIII

## Infringement of U.S. Patent No. D847,703 (Asserted Against LKQ, CCC, Grand HC, and Forerunner)

104.    The '703 patent is assigned to GM GTO.

105.    The '703 patent is presumed valid and enforceable.

15

106.    Part No. GM1102577DSC was purchased in the United States from LKQ on CCC's purchasing platform.  Part No. GM1102577DSC was manufactured by Grand HC in Taiwan and imported into the United States.  Part No. GM1102577DSC is exemplary and does not limit the Accused Products.

107.    On its U.S. website, CAPA lists Taiwanese manufacturers Forerunner and Grand HC as CAPA certified manufacturers of Part No. GM1102577 for the United States.   On information and belief, Forerunner and Grand HC manufacture Part No. GM1102577 for sale in the United States.

108.    Part No. GM1102577 infringes because it is substantially similar to the design claimed in the '703 patent.  A claim chart is attached as Exhibit 28.

109.    On information and belief, LKQ, CCC, Grand HC, and Forerunner work in concert to infringe the '703 patent directly and/or indirectly, and that infringement involves common questions.

110.    On information belief, as described above, LKQ, CCC, Grand HC, and Forerunner engaged in infringing acts related to the '703 patent; have disregarded an objectively high likelihood of infringement of the '703 patent; and have acted, and continue to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Defendants' willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

111.    Defendants' conduct, including their infringement of the '703 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT IX

**Infringement of U.S. Patent No. D848,318 (Asserted Against LKQ, CCC, Tong Yang, and YCC)**

112.    The '318 patent is assigned to GM GTO.

113.    The '318 patent is presumed valid and enforceable.

114.    Part No. GM1014134C was purchased in the United States from LKQ on CCC's purchasing platform.  Part No. GM1014134C was manufactured by YCC in Taiwan and imported into the United States.  Part No. GM1014134C is exemplary and does not limit the Accused Products.

115.    On its U.S. website, CAPA lists Taiwanese manufacturers YCC and Tong Yang as CAPA certified manufacturers of Part No. GM1014134 for the United States.  On information and belief, Tong Yang and YCC manufacture Part No. GM1014134 for sale in the United States.

116.    Part No. GM1014134C infringes because it is substantially similar to the design claimed in the '318 patent.  A claim chart is attached as Exhibit 29.

117.    On information and belief, LKQ, CCC, Tong Yang, and YCC work in concert to infringe the '318 patent directly and/or indirectly, and that infringement involves common questions.

118.    On information and belief, as described above, LKQ, CCC, Tong Yang, and YCC engaged in infringing acts related to the '318 patent; have disregarded an objectively high likelihood of infringement of the '318 patent; and have acted, and continue to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Defendants' willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

119.    Defendants' conduct, including their infringement of the '318 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT X

**Infringement of U.S. Patent No. D856,874 (Asserted Against LKQ, CCC, and Grand HC)**

120.    The '874 patent is assigned to GM GTO.

17

121.     The '874 patent is presumed valid and enforceable.

122.     Part No. GM1002874DSC was purchased in the United States from LKQ on CCC's purchasing platform.  Part No. GM1002874DSC was manufactured by Grand HC in Taiwan and imported into the United States.  Part No. GM1002874DSC is exemplary and does not limit the Accused Products.

123.     On its U.S. website, CAPA lists Taiwanese manufacturer Grand HC as a CAPA certified manufacturer of Part No. GM1002874 for sale in the United States.

124.     Part No. GM1002874DSC infringes because it is substantially similar to the design claimed in the '874 patent.  A claim chart is attached as Exhibit 30.

125.     On information and belief, LKQ, CCC, and Grand HC work in concert to infringe the '874 patent directly and/or indirectly, and that infringement involves common questions.

126.     On information and belief, as described above, LKQ, CCC, and Grand HC engaged in infringing acts related to the '874 patent; have disregarded an objectively high likelihood of infringement of the '874 patent; and have acted, and continue to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Defendants' willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

127.     Defendants' conduct, including their infringement of the '874 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT XI

**Infringement of U.S. Patent No. D818,406 (Asserted Against CCC, Gordon, and TYG)[3]**

128.     The '406 patent is assigned to GM GTO.

---

[3]  The '406 patent is asserted against LKQ in Case. No. 21-cv-5854.  GM reserves all rights with respect to that matter.

129. The '406 patent is presumed valid and enforceable.

130. Part No. GM1241409C was purchased in the United States on CCC's purchasing platform. Part No. GM1241409C was manufactured by Gordon in Taiwan and imported into the United States. Part No. GM1241409C is exemplary and does not limit the Accused Products.

131. On its U.S. website, CAPA lists Taiwanese manufacturers Gordon and Tong Yang as CAPA certified manufacturers of Part No. GM1241409 for the United States. On information and belief, Gordon and Tong Yang manufacture Part No. GM1241409 for sale in the United States.

132. Part No. GM1241409C infringes because it is substantially similar to the design claimed in the '406 patent. A claim chart is attached as Exhibit 31.

133. On information and belief, CCC, Gordon, and Tong Yang work in concert to infringe the '406 patent directly and/or indirectly, and that infringement involves common questions.

134. On information and belief, as described above, CCC, Gordon, and Tong Yang engaged in infringing acts related to the '406 patent; have disregarded an objectively high likelihood of infringement of the '406 patent; and have acted, and continue to act, willfully, wantonly, and in deliberate disregard of GM's rights. Defendants' willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

135. Defendants' conduct, including their infringement of the '406 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

**COUNT XII**

**Infringement of U.S. Patent No. D826,114 (Asserted Against LKQ, CCC, ANTRC, and Pro Fortune)**

136. The '114 patent is assigned to GM GTO.

137. The '114 patent is presumed valid and enforceable.

19

138.    Part No. GM1000A37C is offered for sale by LKQ on CCC's purchasing platform. Part No. GM1000A37C is exemplary and does not limit the Accused Products.

139.    On its U.S. website, CAPA lists Taiwanese manufacturers ANTRC and Pro Fortune as CAPA certified manufacturers of Part No. GM1000A37 for sale in the United States. On information and belief, ANTRC and Pro Fortune manufacture Part No. GM1000A37 for sale in the United States.

140.    Part No. GM1000A37C that is listed on the CCC purchasing platform and sold by LKQ is, on information and belief, manufactured by ANTRC and/or Pro Fortune.

141.    Part No. GM1000A37C infringes because it is substantially similar to the design claimed in the '114 patent. A claim chart is attached as Exhibit 32.

142.    On information and belief, LKQ, CCC, ANTRC, and Pro Fortune work in concert to infringe the '114 patent directly and/or indirectly, and that infringement involves common questions.

143.    On information and belief, as described above, LKQ, CCC, ANTRC, and Pro Fortune engaged in infringing acts related to the '114 patent; have disregarded an objectively high likelihood of infringement of the '114 patent; and have acted, and continue to act, willfully, wantonly, and in deliberate disregard of GM's rights. Defendants' willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

144.    Defendants' conduct, including their infringement of the '114 Patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

**COUNT XIII**

**Infringement of U.S. Patent No. D843,025 (Asserted Against LKQ, CCC, and DEPO Group)**

145.    The '025 patent is assigned to GM GTO.

146.    The '025 patent is presumed valid and enforceable.

147.    Part No. GM2502498C was purchased in the United States from LKQ on CCC's purchasing platform.  Part No. GM2502498C was manufactured by DEPO Auto Parts Taiwan and imported into the United States.  Part No. GM2502498C is exemplary and does not limit the Accused Products.

148.    On its U.S. website, CAPA lists Taiwanese manufacturer DEPO Auto Parts as a CAPA certified manufacturer of Part No. GM2502498 for sale in the United States.  On information and belief, DEPO Auto Parts manufactures Part No. GM2502498 for sale in the United States.

149.    Part No. GM2502498C infringes because it is substantially similar to the design claimed in the '025 patent.  A claim chart is attached as Exhibit 33.

150.    On information and belief, LKQ, CCC, and DEPO Group work in concert to infringe the '025 patent directly and/or indirectly, and that infringement involves common questions.

151.    On information and belief, as described above, LKQ, CCC, and DEPO Group engaged in infringing acts related to the '025 patent; have disregarded an objectively high likelihood of infringement of the '025 patent; and have acted, and continue to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Defendants' willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

152.    Defendants' conduct, including their infringement of the '025 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

**COUNT XVI**

**Infringement of U.S. Patent No. D883,155 (Asserted Against LKQ, CCC, and Gordon)**

153.    The '155 patent is assigned to GM GTO.

154.    The '155 patent is presumed valid and enforceable.

155.    Part No. GM1240422C was purchased in the United States from LKQ on CCC's purchasing platform.  Part No. GM1240422C was manufactured by Gordon in Taiwan and imported into the United States.  Part No. GM1240422C is exemplary and does not limit the Accused Products.

156.    On its U.S. website, CAPA lists Taiwanese manufacturer Gordon as a CAPA certified manufacturer of Part No. GM1240422 for sale in the United States.  On information and belief, Gordon manufactures Part No. GM1240422 for sale in the United States.

157.    Part No. GM1240422C infringes because it is substantially similar to the design claimed in the '155 patent.  A claim chart is attached as Exhibit 34.

158.    On information and belief, LKQ, CCC, and Gordon work in concert to infringe the '155 patent directly and/or indirectly, and that infringement involves common questions.

159.    On information and belief, as described above, LKQ, CCC, and Gordon engaged in infringing acts related to the '155 patent; have disregarded an objectively high likelihood of infringement of the '155 patent; and have acted, and continue to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Defendants' willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

160.    Defendants' conduct, including their infringement of the '025 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT XV

**Infringement of U.S. Patent No. D902,807 (Asserted Against LKQ, CCC, and Gordon)**

161.    The '807 patent is assigned to GM GTO.

22

162.    The '807 patent is presumed valid and enforceable.

163.    Part No. GM1230483C was purchased in the United States from LKQ on CCC's purchasing platform.  Part No. GM1230483C was manufactured by Gordon in Taiwan and imported into the United States.  Part No. GM1230483C is exemplary and does not limit the Accused Products.

164.    On its U.S. website, CAPA lists Taiwanese manufacturer Gordon as a CAPA certified manufacturer of Part No. GM1230483 for sale in the United States.  On information and belief, Gordon manufactures Part No. GM1230483 for sale in the United States.

165.    Part No. GM1230483C infringes because it is substantially similar to the design claimed in the '807 patent.  A claim chart is attached as Exhibit 35.

166.    On information and belief, LKQ, CCC, and Gordon work in concert to infringe the '807 patent directly and/or indirectly, and that infringement involves common questions.

167.    On information and belief, as described above, LKQ, CCC, and Gordon engaged in infringing acts related to the '807 patent; have disregarded an objectively high likelihood of infringement of the '807 patent; and have acted, and continue to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Defendants' willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

168.    Defendants' conduct, including their infringement of the '807 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

### COUNT XVI

### Infringement of U.S. Patent No. D930,533 (Asserted Against LKQ, CCC, and Gordon)

169.    The '533 patent is assigned to GM GTO.

170.    The '533 patent is presumed valid and enforceable.

171.     Part No. GM1240418C was purchased in the United States from LKQ on CCC's purchasing platform.  Part No. GM1240418C was manufactured by Gordon in Taiwan and imported into the United States.  Part No. GM1240418C is exemplary and does not limit the Accused Products.

172.     On its U.S. website, CAPA lists Taiwanese manufacturer Gordon as a CAPA certified manufacturer of Part No. GM1240418 for sale in the United States.  On information and belief, Gordon manufactures Part No. GM1240418 for sale in the United States.

173.     Part No. GM1240418C infringes because it is substantially similar to the design claimed in the '533 patent.  A claim chart is attached as Exhibit 36.

174.     On information and belief, LKQ, CCC, and Gordon work in concert to infringe the '533 patent directly and/or indirectly, and that infringement involves common questions.

175.     On information belief, as described above, LKQ, CCC, and Gordon engaged in infringing acts related to the '533 patent; have disregarded an objectively high likelihood of infringement of the '533 patent; and have acted, and continue to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Defendants' willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

176.     Defendants' conduct, including their infringement of the '533 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT XVII

### Infringement of U.S. Patent No. D955,939 (Asserted Against LKQ, CCC, and Grand HC)

177.     The '939 patent is assigned to GM GTO.

178.     The '939 patent is presumed valid and enforceable.

179.     Part No. GM1002899DSC was purchased in the United States from LKQ on CCC's purchasing platform.  Part No. GM1002899DSC was manufactured by Grand HC in Taiwan and imported into the United States.  Part No. GM1002899DSC is exemplary and does not limit the Accused Products.

180.     On its U.S. website, CAPA lists Taiwanese manufacturer Grand HC as a CAPA certified manufacturer of Part No. GM1002899 for sale in the United States.  On information and belief, Grand HC manufactures Part No. GM1002899 for sale in the United States.

181.     Part No. GM1002899 infringes because it is substantially similar to the design claimed in the '939 patent.  A claim chart is attached as Exhibit 37.

182.     On information and belief, LKQ, CCC, and Grand HC work in concert to infringe the '939 patent directly and/or indirectly, and that infringement involves common questions.

183.     On information and belief, as described above, LKQ, CCC, and Grand HC engaged in infringing acts related to the '939 patent; have disregarded an objectively high likelihood of infringement of the '939 patent; and have acted, and continue to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Defendants' willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

184.     Defendants' conduct, including their infringement of the '939 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT XVIII

### Infringement of U.S. Patent No. D859,239 (Asserted Against LKQ, CCC, Forerunner, and Grand HC)

185.     The '239 patent is assigned to GM GTO.

186.     The '239 patent is presumed valid and enforceable.

187. Part No. GM1102569DSC was purchased in the United States from LKQ on CCC's purchasing platform. Part No. GM1102569DSC was manufactured by Grand HC in Taiwan and imported into the United States. Part No. GM1102569DSC is exemplary and does not limit the Accused Products.

188. On its U.S. website, CAPA lists Taiwanese manufacturers Forerunner and Grand HC as a CAPA certified manufacturers of Part No. GM1102569 for sale in the United States. On information and belief, Grand HC and Forerunner manufacture Part No. GM1102569 for sale in the United States.

189. Part No. GM1102569DSC infringes because it is substantially similar to the design claimed in the '239 patent. A claim chart is attached as Exhibit 38.

190. On information and belief, LKQ, CCC, Forerunner, and Grand HC work in concert to infringe the '239 patent directly and/or indirectly, and that infringement involves common questions.

191. On information and belief, as described above, LKQ, CCC, Forerunner, and Grand HC engaged in infringing acts related to the '239 patent; have disregarded an objectively high likelihood of infringement of the '239 patent; and have acted, and continue to act, willfully, wantonly, and in deliberate disregard of GM's rights. Defendants' willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

192. Defendants' conduct, including their infringement of the '239 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT XIX

### Infringement of U.S. Patent No. D848,647 (Asserted Against LKQ, CCC, and DEPO Group)

193. The '647 patent is assigned to GM GTO.

194. The '647 patent is presumed valid and enforceable.

195. Part No. GM2502497C was purchased in the United States from LKQ on CCC's purchasing platform. Part No. GM2502497C was manufactured by DEPO Auto Parts in Taiwan and imported into the United States. Part No. GM2502497C is exemplary and does not limit the Accused Products.

196. On its U.S. website, CAPA lists Taiwanese manufacturer DEPO Auto Parts as a CAPA certified manufacturer of Part No. GM2502497 for sale in the United States. On information and belief, DEPO Auto Parts manufactures Part No. GM2502497 for sale in the United States.

197. Part No. GM2502497C infringes because it is substantially similar to the design claimed in the '647 patent. A claim chart is attached as Exhibit 39.

198. On information and belief, LKQ, CCC, and DEPO Group work in concert to infringe the '647 patent directly and/or indirectly, and that infringement involves common questions.

199. On information and belief, as described above, LKQ, CCC, and DEPO Group engaged in infringing acts related to the '647 patent; have disregarded an objectively high likelihood of infringement of the '647 patent; and have acted, and continue to act, willfully, wantonly, and in deliberate disregard of GM's rights. Defendants' willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

200. Defendants' conduct, including their infringement of the '647 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT XX

### Infringement of U.S. Patent No. D826,803 (Asserted Against LKQ, CCC, ANTRC, and Pro Fortune)

201. The '803 patent is assigned to GM GTO.

202. The '803 patent is presumed valid and enforceable.

203.    Part No. GM1015152C was purchased in the United States from LKQ on CCC's purchasing platform.  Part No. GM1015152C was manufactured by Pro Fortune in Taiwan and imported into the United States.  Part No. GM1015152C is exemplary and does not limit the Accused Products.

204.    On its U.S. website, CAPA lists Taiwanese manufacturers ANTRC and Pro Fortune as CAPA certified manufacturers of Part No. GM1015152 for sale in the United States.  On information and belief, DEPO manufactures Part No. GM1015152 for sale in the United States.

205.    Part No. GM1015152C infringes because it is substantially similar to the design claimed in the '803 patent.  A claim chart is attached as Exhibit 40.

206.    On information and belief, LKQ, CCC, ANTRC, and Pro Fortune work in concert to infringe the '803 patent directly and/or indirectly, and that infringement involves common questions.

207.    On information and belief, as described above, LKQ, CCC, ANTRC, and Pro Fortune engaged in infringing acts related to the '803 patent; have disregarded an objectively high likelihood of infringement of the '803 patent; and have acted, and continue to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Defendants' willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

208.    Defendants' conduct, including their infringement of the '803 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, GM demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, GM respectfully requests entry of a judgment as follows:

1) That Defendants have infringed and continue to infringe the Asserted Patents;

2) That GM recover all damages to which it is entitled, including under 35 U.S.C. § 289, but in no event less than a reasonable royalty;

3) That GM, as the prevailing party, shall recover from Defendants all taxable costs of court;

4) That GM recover from Defendants all pre- and post-judgment interest on the damages award, calculated at the highest rates allowed by law;

5) That Defendants' conduct was willful and that GM should therefore recover treble damages.

6) That this case is exceptional and that GM shall therefore recover its attorneys' fees and other recoverable expenses, under 35 U.S.C. § 285; and

7) That GM shall recover such other and further relief as the Court deems appropriate.

Dated: February 3, 2026

Respectfully submitted,

*/s/ Louis E. Fogel*
Louis E. Fogel (IL 6281401)
fogel@fr.com
**FISH & RICHARDSON P.C.**
150 N. Riverside Plaza, Suite 2820
Chicago, IL 60606
Ph: (312) 278-2700
Fax: (312) 873-4603

Michael J. McKeon (*pro hac vice* forthcoming)
mckeon@fr.com

Christian A. Chu (*pro hac vice* forthcoming)
chu@fr.com
John J. Thuermer (*pro hac vice* forthcoming)
thuermer@fr.com
Joshua P. Carrigan (*pro hac vice* forthcoming)
carrigan@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Ave., SW, Suite 1000
Washington, D.C. 20024
Telephone:  (202) 783-5070

Joseph A. Herriges (*pro hac vice*
forthcoming)
herriges@fr.com
**Fish & Richardson P.C.**
60 South 6th Street, Suite 3200
Minneapolis, MN 55402
Telephone:  (612) 335-5070

Leeron G. Kalay (*pro hac vice* forthcoming)
kalay@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street, Suite 400
Redwood City, CA 94063
Telephone:  (650) 839-5070

Jacqueline T. Moran (TX24121740)
jtmoran@fr.com
**FISH & RICHARDSON P.C.**
909 Fannin Street, Suite 2100
Houston, Texas 77010
Telephone:  (713) 654-5300

Ethan J. Rubin, (*pro hac vice* forthcoming)
erubin@fr.com
**FISH & RICHARDSON P.C.**
One Marina Park Drive, Suite 1700
Boston, MA 02210
Telephone:  (617) 542-5070

**COUNSEL FOR PLAINTIFFS
GENERAL MOTORS LLC AND GM GLOBAL
TECHNOLOGY OPERATIONS LLC**