**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| GENERAL MOTORS LLC and GM GLOBAL TECHNOLOGY OPERATIONS, LLC.,<br><br>Plaintiffs,<br><br>LKQ CORPORATION, KEYSTONE AUTOMOTIVE INDUSTRIES, INC., CCC INTELLIGENT SOLUTIONS HOLDINGS INC., CCC INTELLIGENT SOLUTIONS INC., GRAND HC AUTO TOOLING CORP., GORDON AUTO BODY PARTS CO., LTD., TONG YANG INDUSTRY CO. LTD., Y.C.C. PARTS MFG. CO., LTD, DEPO AUTO PARTS IND. CO., LTD., MAXZONE VEHICLE LIGHTING CORP., AUTO POWER CO., LTD., FORERUNNER AUTOMOTIVE INDUSTRIAL CORP., ANTRC INDUSTRIAL CORP., and PRO FORTUNE INDUSTRIAL CO., LTD.<br><br>Defendants. | ) | Case No. 26-cv-01233<br><br>The Honorable Thomas M. Durkin |

**UNOPPOSED MOTION TO STAY ACTION**
**PURSUANT TO 28 U.S.C § 1659 PENDING PARALLEL ITC ACTION**

Defendants CCC INTELLIGENT SOLUTIONS HOLDINGS, INC. and CCC INTELLIGENT SOLUTIONS, INC. (collectively the "CCC Defendants"), move pursuant to 28 U.S.C. § 1659 to stay this action until the U.S. International Trade Commission ("ITC") investigation captioned *In the Matter of Certain Vehicle Parts and Components Thereof*, Inv. No. 337-TA-1491 (the "ITC Matter") becomes final. In support thereof, the CCC Defendants state as follows:

1. On February 3, 2026, Plaintiffs filed the instant action against Defendants alleging infringement on twenty (20) of its design patents relating to automotive parts: D749,997 ("the '997 patent"); D792,815 ("the '815 patent"); D792,816 ("the '816 patent"); D793,301 ("the '301

patent"); D828,247 ("the '247 patent"); D828,248 ("the '248 patent"); D828,256 ("the '256 patent"); D847,703 ("the '703 patent"); D848,318 ("the '318 patent"); D856,874 ("the '874 patent"); D818,406 ("the '406 patent"); D826,114 ("the '114 patent"); D843,025 ("the '025 patent"); D883,155 ("the '155 patent"); D902,807 ("the '807 patent"); D930,533 ("the '533 patent"); D955,939 ("the '939 patent"); D859,239 ("the '239 patent"); D848,647 ("the '647 patent"); D826,803 ("the '803 patent") (collectively, the "Asserted Patents"). (ECF 1, Complaint, p. 5).

2. On February 5, 2026, Plaintiffs filed a Complaint in the ITC asserting infringement of each of the Asserted Patents. On March 10, 2026, the ITC issued a Notice of Institution of Investigation. (See **EXHIBIT 1,** March 10, 2026 ITC Notice).

3. Pursuant to 28 U.S.C. § 1659, district court patent claims that involve the same issues as a parallel ITC proceeding are subject to a mandatory stay. Specifically, 28 U.S.C. § 1659(a) states:

> (a) Stay. In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, **the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission**, but only if such request is made within –
>
> (1) 30 days after the party is named as a respondent in the proceeding before the Commission, or
>
> (2) 30 days after the district court action is filed,
>
> whichever is later.

28 U.S.C. § 1659(a) (emphasis added).

4. "The purpose of § 1659 is to prevent separate proceedings on the same issues occurring at the same time." *In re Princo Corp.*, 478 F.3d 1345, 1355 (Fed. Cir. 2007).

5. Further, Courts have determined that based upon both purpose of the statute and the statutory language (specifically, "becomes final,") "§ 1659 requires that the stay of the district court proceedings continue until the Commission proceedings are no longer subject to judicial review" and therefore includes any appeals from the ITC proceedings. *Princo Corp.*, 478 F.3d at 1355.

6. Here, the CCC Defendants' request for a stay is timely under 28 U.S.C. § 1659(a)(1), as it is within 30 days of the institution of the ITC Matter on March 10, 2026.

7. Additionally, because the CCC Defendants are Respondents in the in the ITC Matter, and because the asserted patents, claims of infringement, and issues involved in this case are likewise involved in and the subject of the ITC Matter, the remaining requirements of 28 U.S.C. § 1659(a) are met, and a stay is appropriate.

8. Pursuant to Northern District Local Rule 5.3(b) and this Court's Standing Order, counsel for the CCC Defendants has conferred with counsel for Plaintiffs who has confirmed that there is no objection to this Motion.

9. The CCC Defendants respectfully request that the Court enter the attached proposed order and suspend all deadlines and stay all proceedings in this action until the determination of the ITC Matter becomes final, including during any appeals thereof.

Dated: April 7, 2026

/s/ *Timothy K. Sendek*

Timothy K. Sendek
Ryan C. Williams
Greg A. Kubly
Amanda J. Hamilton
Owen Behrens

Muriel Leung
**AKERMAN LLP**
71 S. Wacker Dr., 47th Floor
Chicago, Illinois 60606
312-634-5700
tim.sendek@akerman.com
1491_CCC@akerman.com

*Counsel for CCC Intelligent Solutions Inc. and CCC Intelligent Solutions Holdings Inc.*